UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BENJAMIN W. DE GRISE,

    Plaintiff,

v.

COLLEEN BAGUS; et al.,

    Defendants.

3:10-cv-0662-LRH-VPC

ORDER

    Before the court is defendants Colleen Bagus ("Bagus") and Carol Stewart's ("Stewart") motion to dismiss. Doc. #11.[1]

    Also before the court are pro se plaintiff Benjamin W. de Grise's ("de Grise") motion to proceed in a *Bivens* action (Doc. #13); motion to proceed with a Sixth Amendment violation (Doc. #15); motion to change venue (Doc. #16); motion to proceed in fraud (Doc. #20); and motion to proceed in state tort (Doc. #22).

**I.    Facts and Background**

    This action stems from the denial of de Grise's unemployment benefits by defendants Bagus and Stewart, employees of Nevada's Department of Employment, Training and Rehabilitation.

    On October 21, 2010, de Grise filed a 42 U.S.C. § 1983 civil rights complaint against

---

[1] Refers to the court's docket number.

1  defendants. Doc. #6. In response, defendants filed the present motion to dismiss. Doc. #11.
2  Thereafter, de Grise filed a series of motions he styled as motions to proceed (Doc. ##13, 15, 20,
3  22) and a motion to change venue (Doc. #16). The court shall address the motions below.

**II.   Motions to Proceed**

The court has reviewed de Grise's motions to proceed and notes that in each motion de Grise alleges additional claims for relief against Bagus and Stewart. Therefore, the court shall construe these motions as motions for leave to file an amended complaint and address them accordingly.

A party may amend its pleadings after a responsive pleading has been filed by leave of court. FED. R. CIV. P. 15(a)(2). Leave of court to amend should be freely given when justice so requires and when there is no undue delay, bad faith, or dilatory motive on the part of the moving party. *See Wright v. Incline Village General Imp. Dist.*, 597 F.Supp.2d 1191 (D. Nev. 2009); *DCD Programs, LTD v. Leighton*, 883 F.2d 183 (9th Cir. 1987).

Here, de Grise seeks leave to amend his complaint to add several additional causes of action not pled in his initial complaint. *See* Doc. ##13, 15, 20, 22. The court has reviewed the record in this action and finds that there is no undue delay, bad faith, or dilatory motive on behalf of de Grise in requesting leave to amend his complaint. Further, the court finds that the matter is early in litigation and that the defendants would not be prejudiced by allowing amendment. Accordingly, the court shall grant de Grise's first motion to proceed and grant him leave to amend his complaint. The remaining motions to proceed shall be denied as duplicative.

**III.   Motion to Change Venue**

In his motion to change venue, de Grise seeks to transfer this action to the unofficial southern district for the District of Nevada. *See* Doc. #16.

Pursuant to 28 U.S.C. § 1404, the court may transfer any civil action to another district in which it could have been brought for the convenience of the parties and witnesses and in the

interest of justice. 28 U.S.C. § 1404(a). Here, de Grise has made no showing that a transfer of venue to the unofficial southern district would be more convenient for the parties in this action. In fact, de Grise recognizes that a transfer may be more difficult for the individual defendants. Accordingly, the court shall deny de Grise's motion to transfer venue.

**IV.   Motion to Dismiss**

Because the court is granting de Grise leave to file an amended complaint, the court shall deny defendants' present motion to dismiss without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed (Doc. #13), which the court construes as a motion for leave to file an amended complaint, is GRANTED. Plaintiff Benjamin W. de Grise shall have thirty (30) days to file an amended complaint that alleges, in one document, all causes of action against defendants and shall serve a copy of the amended complaint upon defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that plaintiff's motion to proceed (Doc. #15); motion to transfer venue (Doc. #16); motion to proceed (Doc. #20); and motion to proceed (Doc. #22) are DENIED.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. #11) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 25th day of August, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE