UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

BENJAMIN W. DE GRISE,

    Plaintiff,

v.

COLLEEN BAGUS; et al.,

    Defendants.

3:10-cv-0662-LRH-WGC

ORDER

Before the court is pro se plaintiff Benjamin W. de Grise's ("de Grise") Motion to Proceed in Quo Warranto (#26[1]), along with defendants Colleen Bagus ("Bagus") and Carol Stewart's ("Stewart") opposition (#27). Also before the court is de Grise's Motion for Summary Judgment (#28), along with Defendants' opposition (#29).

**I.    Facts and Background**

This action stems from the denial of de Grise's unemployment benefits by defendants Bagus and Stewart, employees of Nevada's Department of Employment, Training and Rehabilitation.

On October 21, 2010, de Grise filed a 42 U.S.C. § 1983 civil rights complaint (#6) against Defendants. In response, Defendants filed a motion to dismiss (#11). Thereafter, de Grise filed a series of motions he styled as motions to proceed (##13, 15, 20, 22) and a motion to change venue

---

[1] Refers to the court's docket number.

(#16).

On August 25, 2011, this court entered an order (#24) construing de Grise's various motions as motions for leave to file an amended complaint to add several causes of action, granted de Grise's first motion to proceed by granting him leave to amend his complaint, and denied the remaining motions to proceed as duplicative.  The court also denied de Grise's motion to transfer venue, and denied Defendants' motion to dismiss without prejudice.  Regarding amendment, the court directed: "Plaintiff Benjamin W. de Grise shall have thirty (30) days to file an amended complaint that alleges, in one document, all causes of action against defendants and shall serve a copy of the amended complaint upon defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure."

No amended complaint was filed in accordance with the court's order.  Instead, on September 6, 2011, de Grise filed the instant "Motion: Move to Proceed in Quo Warranto" (#26), which Defendants opposed (#27) on September 22, 2011.  Also, on November 9, 2011, de Grise filed the instant Motion for Summary Judgment (#28), which Defendants opposed (#29) on December 2, 2011.

**II.     Discussion**

The motion to proceed in quo warranto is subtitled as an "Amendment" and, under the heading "cause of action," seeks the "District Court to bring Quo Warranto proceedings forthly." Taken on its terms, de Grise's motion lacks merit.  "Quo warranto is addressed to preventing a continued exercise of authority unlawfully asserted, not to a correction of what already has been done under it or to a vindication of private rights.  It is an extraordinary proceeding, prerogative in nature, and . . . there is no statute delegating to an individual the right to resort to it." *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 502 (1933).

Considered as an amended complaint, de Grise's motion does not comply with this court's direction "to file an amended complaint that alleges, in one document, all causes of action against

defendants." Indeed, de Grise's filing contains none of the factual allegations or claims for relief presented in his previous filings.

For the foregoing reasons, de Grise's motion to proceed in quo warranto shall be denied, as shall his motion for summary judgment. However, the court shall permit de Grise one last opportunity to file an amended complaint.

IT IS THEREFORE ORDERED that Plaintiff 's Motion to Proceed in Quo Warranto (#26) and Motion for Summary Judgment (#28) are DENIED.

IT IS FURTHER ORDERED that Plaintiff Benjamin W. de Grise shall have thirty (30) days to file an amended complaint that alleges, in one document, all causes of action against defendants and shall serve a copy of the amended complaint upon defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. Plaintiff is advised that pursuant to Local Rule 5-1, the amended complaint shall be complete in itself, without reference to any previous complaint, and shall include all allegations, claims, parties, and requests for relief. Any allegations, claims, parties, or requests for relief from prior papers that are not stated in the amended complaint will no longer be before the court. Plaintiff shall clearly title the amended complaint as such by placing the words "AMENDED COMPLAINT" on page one in the caption, below the case number, 3:10-CV-00662-LRH-WGC. Failure to comply will result in dismissal of this action.

IT IS SO ORDERED.

DATED this 10th day of April, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE