UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BENJAMIN W. DE GRISE,                    )
                                         )
              Plaintiff,                  )            3:10-CV-00662-LRH-WGC
                                         )
 v.                                      )
                                         )            ORDER
COLLEEN BAGUS; et al.,                    )
                                         )
              Defendants.                 )
_____ )

       Before the court is the defendants' Motion to Dismiss (#32). The defendants are Colleen

Bagus; Carol Stewart; Nevada's Department of Employment, Training, and Rehabilitation;

Attorney General Catherine Cortez Masto; Deputy Attorney General Robert A. Whitney; the State

of Nevada Attorney General's Office; the State of Nevada's Employment Security Division Senior

Attorney Tom Susich; and the State of Nevada's Employment Security Division Administrator

Cindy Jones ("Defendants"). Pro se plaintiff Benjamin de Grise has not responded. Defendants

have replied (#35).

I.     **Facts and Background**

       This action stems from the denial of de Grise's unemployment benefits by defendants Bagus

and Stewart, employees of Nevada's Department of Employment, Training and Rehabilitation.

       On October 21, 2010, de Grise filed a 42 U.S.C. § 1983 civil rights complaint (#6) against

Defendants. In response, Defendants filed a motion to dismiss (#11). Thereafter, de Grise filed a

1  series of motions he styled as motions to proceed (##13, 15, 20, 22) and a motion to change venue

2  (#16).

3      On August 25, 2011, this court entered an order (#24) construing de Grise's various

4  motions as motions for leave to file an amended complaint to add several causes of action, granted

5  de Grise's first motion to proceed by granting him leave to amend his complaint, and denied the

6  remaining motions to proceed as duplicative.  The court also denied de Grise's motion to transfer

7  venue, and denied Defendants' motion to dismiss without prejudice.  Regarding amendment, the

8  court directed: "Plaintiff Benjamin W. de Grise shall have thirty (30) days to file an amended

9  complaint that alleges, in one document, all causes of action against defendants and shall serve a

10  copy of the amended complaint upon defendants in accordance with Rule 4 of the Federal Rules of

11  Civil Procedure."

12      No amended complaint was filed in accordance with the court's order.  Instead, on

13  September 6, 2011, de Grise filed the a "Motion: Move to Proceed in Quo Warranto" (#26), which

14  Defendants opposed (#27).  Also, on November 9, 2011, de Grise filed a Motion for Summary

15  Judgment (#28), which Defendants opposed (#29) on December 2, 2011. The court construed the

16  quo warranto motion as a motion to amend the complaint, and the court granted de Grise "one last

17  opportunity to file an amended complaint." (Order of April 10, 2012 #30, p. 3:4-5.) The court also

18  ordered this complaint to be served on Defendants in accordance with Federal Rule of Civil

19  Procedure 4. Because the court granted de Grise an additional opportunity to amend his complaint,

20  the court denied his motion for summary judgment.

21      De Grise filed the amended complaint on May 7, 2012 (#31). On May 24, Defendants filed

22  the instant motion to dismiss. De Grise also filed a "Demand for Evidence" (#34), which was

23  denied (#37).

24  **II.    Discussion**

25      Defendants ground their motion to dismiss in Federal Rules of Civil Procedure 12(b)(2),

26  12(b)(4), 12(b)(5), and 12(b)(6). Under Rule 12(b)(5), insufficient service of process is a properly

1 raised defense in a motion to dismiss. Rule 4 describes sufficient service of process. This includes

2 "following state law for serving a summons," serving the defendant personally, leaving a copy at

3 the defendant's home with "someone of suitable age and discretion who resides there," and

4 delivering a copy to an authorized agent. Fed. R. Civ. P. 4(e). Following service of process, "proof

5 of service must be made to the court," usually by affidavit. Fed. R. Civ. P. 4(l)(1). Pro se litigants

6 are not exempt from these requirements; rather, these litigants must follow the same rules and

7 procedures as everyone else. *See Ghazali v. Moran*, 46 F.3d 53, 53 (9th Cir. 1995); *see also Albra*

8 *v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (requiring strict compliance with Rule 4

9 procedures even for pro se plaintiffs).

10      Here, de Grise has properly served two out of eight defendants. He has not followed state

11 law in serving the state agencies involved, Fed. R. Civ. P. 4(j)(2), and he has not served the

12 remaining individual defendants at all. On its own, de Grise's failure to follow Rule 4 might merit

13 an order requiring de Grise to effectuate service properly.[1] *See* Fed. R. Civ. P. 4(m). *See also* Paul

14 D. Carrington, *Continuing Work on the Civil Rules: The Summons*, 63 Notre Dame L. Rev. 733,

15 734 (1988) ("Increasingly, the chief function of service of the summons and complaint is to provide

16 constitutionally required notice that a claim has been made."). But the court has already so

17 ordered–thrice. (Order #45 at p. 3; Order of Aug. 25, 2011 #24, p. 3:12; Order of Nov. 10, 2010 #5,

18 p. 2:6-9.) Thus, the claims against the improperly served defendants must fail for insufficient

19 service of process. *See Albra*, 490 F.3d at 829 (requiring strict compliance with Rule 4).

20      Moreover, de Grise has failed to respond to Defendants' motion to dismiss. Local Rule 7-

21 2(d) expressly provides that "the failure of an opposing party to file points and authorities in

22

23      [1] Defendants suggest, through their 12(b)(2) motion, that insufficient service deprives the court

24 of personal jurisdiction. This misconceives the relationship between service of process and personal
jurisdiction: personal jurisdiction "provides a basis for an exercise of jurisdiction, but service of

25 process is the . . . means by which a court asserts its jurisdiction over the person." *SEC v. Ross*, 504
F.3d 1120, 1138 (9th Cir. 2007). That is, there is no "lack of personal jurisdiction" for the purposes

26 of Rule 12(b)(2); instead, there is an insufficient service of process under Rule 12(b)(5).

response to any motion shall constitute consent to the granting of the motion." Since de Grise has failed to respond to Defendants' motion to dismiss, the Local Rules counsel granting the motion to dismiss.

Even then, the court might exercise its solicitude towards pro se litigants by giving de Grise notice that a failure to respond will result in dismissal. *See Stratton v. Buck*, 697 F.3d 1004, 1009 (9th Cir. 2012) (adopting a fair notice requirement for pro se litigants following certain motions to dismiss under Rule 12(b)). However, the properly served defendants Bagus and Stewart are immune from de Grise's suit. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Whether a function is "judge-like" turns on several factors, like "(a) the need to assure that the individual can perform his functions without harassment or intimidation; (b) the presence of safeguards that reduce the need for private damages actions as a means of controlling unconstitutional conduct; (c) insulation from political influence; (d) the importance of precedent; (e) the adversary nature of the process; and (f) the correctability of error on appeal." *Cleavinger v. Saxner*, 474 U.S. 193, 202 (1985). Judicial actors lose immunity only where they act outside of their jurisdiction or act outside of their judge-like functions. *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

Here, Bagus and Stewart performed judge-like functions within their jurisdiction, and they are therefore immune from suit. Bagus heard de Grise's appeal from the denial of his unemployment benefits, and Stewart was part of the board that reviewed (and affirmed) Bagus's decision. Therefore, Bagus and Stewart are analogous to "federal hearing examiners," who enjoy judicial immunity for judicial functions (in part because these officials must perform their functions impartially and without harassment). *See Butz v. Economou*, 438 U.S. 478, 513 (1978). Additionally, the unemployment hearings were adversarial, and de Grise had the option of appealing his decision to the Nevada District Court. These features of Bagus and Stewart's decision-making entitle them to immunity.

**III. Conclusion**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (#32) is GRANTED. The amended complaint (#31) is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this 27th day of December, 2012.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

5